344 F.Supp. 1278 (1972)
MID-AMERICA TRANSPORTATION COMPANY, Inc., a corporation, Plaintiff,
v.
ROSE BARGE LINE, INC., a corporation, in personam, and the M/V JOHN H. MacMILLAN, JR., its Engines, Boilers, Tackle, Equipment, etc., in rem, and Cargo Carriers, Inc., a corporation, in personam, Defendants.
No. 70 A 612(1).
United States District Court, E. D. Missouri, E. D.
June 2, 1972.
Lucas & Murphy, St. Louis, Mo., for plaintiff.
Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for Rose Barge Line, Inc.
Evans & Dixon, St. Louis, Mo., for Cargo Carriers, Inc., and The M/V John H. MacMillan, Jr.

MEMORANDUM
MEREDITH, Chief Judge.
Plaintiff, the Mid-America Transportation Company, Inc., is a corporation, with its principal place of business in St. Louis, Missouri, and is the owner of Barge MAT-38. Defendant, Rose Barge Line, Inc., is a corporation, with its principal place of business in St. Louis, Missouri. Defendant Cargo Carriers, Inc., is a corporation, with its principal place of business in Minneapolis, Minnesota, and is the owner of The M/V John H. MacMillan, Jr. This is a case of admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.
Prior to July 5, 1969, plaintiff had a contract with defendant Rose Barge Line, Inc., to tow barges owned by the plaintiff, and the Barge MAT-38 was tendered to defendant Rose Barge Line, Inc., for towage. Rose Barge Line, Inc., *1279 in turn, had the towing done by The M/V John H. MacMillan, Jr., owned by Cargo Carriers, Inc. Barge MAT-38 was 195 feet long by 35 feet wide, and was fully loaded with grain at the time in question. It was taken into the care, custody, and control of defendant Cargo Carriers, Inc., at Cairo, Illinois, and towed enroute to New Orleans, Louisiana, by The M/V John H. MacMillan, Jr.
At a point on the lower Mississippi River, in the vicinity of Flower Lake Bar, on July 5, 1969, The M/V John H. MacMillan, Jr., was towing thirty-five fully-loaded barges, five barges long and seven barges wide. The MAT-38 was the port lead barge and hit the left descending bank of the Mississippi River while rounding the bend, causing the barge to buckle. The evidence shows on approaching the bend in question, going downstream, there is a reef extending from the left bank. At the bottom of the bend there is a reef extending from the right bank. The channel at this point is very narrow. This is a very dangerous crossing with a motor vessel towing thirty-five fully-loaded barges. The captain of the motor vessel performed it in a single flanking movement, and, as he was rounding the bend, he had his engines backing in order to avoid hitting the black buoys and to make the bend without striking the bank. While rounding the bend, something caught in the propeller of the center motor requiring it to be stopped and the lead port barge, the MAT-38, hit the left bank and then slid off. Because of the weight of the heavily-loaded barges, this caused damage to the barge and it buckled in the center.
The defendants, Cargo Carriers, Inc., and The M/V John H. MacMillan, Jr., contend that this was an inevitable accident caused by hitting the unseen object, presumably a log, with the propeller of the center motor, and they should not be liable.
The Court is of the opinion and the evidence shows that submerged logs are frequent in the Mississippi River, and particularly at this point. Sunken logs are a foreseeable hazard. The defendants, The M/V John H. MacMillan, Jr., and Cargo Carriers, Inc., were negligent in the manner in which they made the crossing causing the damage to Barge MAT-38.
This crossing should have been navigated by a double flanking movement, which would have reduced the speed and would have taken approximately thirty to forty minutes longer in making the bend. Had a double flanking maneuver been used, even if a log had been hit, it would have practically eliminated the chance of hitting the left descending bank, because the barges could have been maneuvered with the remaining two engines. The other prudent manner of making the bend would have been to divide the barge load and make two trips through the bend with five barges long and three barges wide on one trip, and five barges long and four barges wide on the second trip. Then, as they descended through the narrow channel, there would have been more room to maneuver.
The damage caused by the buckling was $10,962, plus the cost of the survey of $459.85, or a total of $11,421.85. These charges are reasonable and are a direct result of the negligence of the defendants, The M/V John H. MacMillan, Jr., and Cargo Carriers, Inc. Plaintiff additionally asks for loss of use in the amount of $2,484, plus pre-judgment interest. The evidence does not sustain the award of loss of use or pre-judgment interest.
At the close of all the evidence, the plaintiff with consent of defendants, The M/V John H. MacMillan, Jr., and Cargo Carriers, Inc., dismissed as to Rose Barge Line, Inc. Rose Barge Line, Inc., tendered its defense to defendants, The M/V John H. MacMillan, Jr., and Cargo Carriers, Inc., which they refused. Rose Barge Line, Inc., filed a counterclaim against the defendants, The M/V John H. MacMillan, Jr., and Cargo Carriers, *1280 Inc., and is entitled to a reasonable attorney's fee on the counterclaim, which the Court will determine unless the parties can agree.
Judgment will be rendered in favor of the plaintiff Mid-America Transportation Company, Inc., a corporation, and against the defendants, The M/V John H. MacMillan, Jr., its engines, boilers, tackle, equipment, etc., in rem, and Cargo Carriers, Inc., a corporation, in personam, in the sum of $11,421.85. Judgment will also be rendered in favor of Rose Barge Line, Inc., a corporation, and against The M/V John H. MacMillan, Jr., its engines, boilers, tackle, equipment, etc., in rem, and Cargo Carriers, Inc., a corporation, in personam, for reasonable attorney's fees.