477 F.2d 914
 MID-AMERICA TRANSPORTATION COMPANY, INC., Appellee-Cross Appellant,
v.
ROSE BARGE LINE, INC., and The M/V MARK EASTIN, its engines,
boilers, tackle, equipment, etc., in rem and M/G
Transport Services, Inc.,
Appellants-Cross Appellees.
 Nos. 72-1588, 72-1592.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 10, 1973.
Decided May 7, 1973.
 
 John C. Shepherd, St. Louis, Mo., for Rose Barge & M/G Transport Services, Inc.
 Wilder Lucas, St. Louis, Mo., for appellee.
 Before GIBSON, BRIGHT and ROSS, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 While downbound on the Upper Mississippi River adjacent to the St. Louis, Missouri, harbor, the starboard lead barge of the M/V Mark Eastin's 15-barge tow struck a sandbar and as a result three barges sustained damages and part of the cargo was lost. The owner of the barges, Mid-America Transportation Company, Inc., brought suit in admiralty for recovery of damages against two defendants in personam, Rose Barge Line, Inc., the firm contracting with the barge owners, and M/G Transport Services, Inc., the owner of the towboat, and against one defendant in rem, M/V Mark Eastin, the towing vessel. The district court found in favor of plaintiff-Mid-America for the cost of repairs and damage to the cargo and other expenses in the sum of $125,075 (an amount stipulated to by the parties) and for loss of use for the three damaged barges in the total additional sum of $4,587.80. The court ordered entry of judgment for these amounts without prejudgment interest. The defendants appeal this judgment, urging that the district court erred in finding that the tow's starboard lead barge was out of the channel when it ran aground, thus creating a presumption of negligence which the defendant was unable to rebut. We affirm the finding of the district court. The plaintiff cross appeals, asserting that the district court erred in declining to award prejudgment interest on the $125,075 damage award. We reverse on this issue.
 
 I.
 
 2
 The district court has related in detail the facts and circumstances of this case in its memorandum opinion. Mid-America Transportation Co. v. Rose Barge Lines, Inc., 347 F.Supp. 566 (E.D. Mo.1972). No worthwhile purpose would be served by repetition of these facts here. Giving due regard to the opportunity of the trial court to make credibility determinations, we have concluded that these findings of fact rest upon an adequate evidentiary basis. Since these findings are not clearly erroneous, they may not be set aside on this appeal. Rule 52, Fed.R.Civ.P.; McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); Urian v. Milstead, 473 F.2d 948 (8th Cir., 1973); Humble Oil & Refining Co. v. American Oil Co., 405 F.2d 803, 814 (8th Cir.), cert. denied, 395 U.S. 905, 89 S.Ct. 1745, 23 L.Ed.2d 218 (1969).[1]II.
 
 
 3
 We turn to the cross appeal. The plaintiff, Mid-America, claims entitlement to prejudgment interest on the full amount of stipulated damages. Mid-America argues that recovery of interest represents an element of just compensation for the actual loss which it suffered. In denying the claim, the trial court stated:
 
 
 4
 The court has reviewed the docket entries in this case, and finds no evidence of dilatory activity by defendants. The defenses were not frivolous and in all the circumstances prejudgment interest does not appear warranted in this case. [347 F.Supp. at 573.]
 
 
 5
 Although in admiralty the award of prejudgment interest rests in the discretion of the trial court, interest should be granted unless there are exceptional or peculiar circumstances. American Zinc Co. v. Foster, 441 F.2d 1100 (5th Cir.), cert. denied, 404 U.S. 855, 92 S.Ct. 99, 30 L.Ed.2d 95 (1971); Sinclair Refining Co. v. SS Green Island, 426 F.2d 260 (5th Cir. 1970); The Wright, 109 F.2d 699 (2d Cir. 1940); The President Madison, 91 F.2d 835 (9th Cir. 1937). The exceptional or peculiar circumstances justifying denial of interest include delays in bringing or prosecuting the suit by the injured party. See American Zinc Co., supra, 441 F.2d 1100; The President Madison, supra, 91 F.2d 835. Here, the district court equated prejudgment interest with a penalty to be assessed against defendants for "dilatory action" or the assertion of "frivolous" defenses. But the prompt assertion of a good faith defense is not a relevant factor in determining the compensatory aspects of an award of damages, including an award of prejudgment interest.
 
 
 6
 Since the record shows no reason to deprive the injured party of an award of prejudgment interest, we remand this cause to the district court so that it may make such award. However, since the plaintiff is not entitled to be put into a better position than it would have occupied had there been no collision with the sandbar, prejudgment interest shall be computed only from the time the expenditures were actually made, i. e., the time of payment, and such computation shall apply to the payment made to Farmers Export Company, Inc., as consignor, for the loss of the cargo as well as to payments for repairs, salvage services, and survey fees as may be shown by the record.
 
 
 7
 Affirmed except as to denial of prejudgment interest.
 
 
 
 [1]
 The pleadings and interrogatories furnished an adequate basis for the trial court to charge Rose Barge Line, Inc., with liability for the negligent towing services provided by its subcontractor or agent, M/G Transport Services, Inc. See Todd Shipyards Corp. v. Moran Towing & Transp. Co., 247 F.2d 626 (2d Cir. 1957)