**MID–AMERICAN TRANSPORTATION COMPANY, INC., a corporation, Appellant,**

v.

**CARGO CARRIERS, INC., a corporation, Appellee.**

No. 72–1453.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1973.

Decided June 29, 1973.

Michael D. O'Keefe, St. Louis, Mo., for appellant.

Eugene K. Buckley, St. Louis, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

NICHOL, District Judge.

Mid-American Transportation Company (Mid-American), plaintiff-appellant, timely appeals in this admiralty suit from a favorable decision rendered in the United States District Court for the Eastern District of Missouri. Mid-American Transportation Company v. Rose Barge Line, Inc., 344 F.Supp. 1278 (E.D.Mo.1972). Mid-American appeals that portion of the District Court's decision denying it damages for both the loss of use of its damaged barge, MAT–38, and prejudgment interest. This court reverses and remands on these two issues.

On July 5, 1969, while en route from Cairo, Illinois, to New Orleans, Louisiana, Mid-American's barge, MAT–38, fully loaded with grain and under the care, custody, and control of The M/V John H. MacMillan, Jr., owned by defendant Cargo Carriers, Inc., buckled amidship upon hitting the left bank of the lower Mississippi River near Flower Lake Bar. Mid-American had previously contracted for reciprocal tow services with Rose Barge Line, Inc., who, in turn, had the towing done by Cargo Carriers, Inc.

The District Court found defendants The M/V John H. MacMillan, Jr., and Cargo Carriers, Inc., negligent in the manner in which the barge MAT–38 was navigated through a bend in the Mississippi River. As a consequence, judgment was rendered for Mid-American and against these two defendants for $11,421.85. This sum represents $10,962 for repair costs, plus $459.85 for the cost of the survey. The trial court further stated that

> (p)laintiff additionally asks for loss of use in the amount of $2,484, plus pre-judgment interest. The evidence does not sustain the award of loss of use or pre-judgment interest.

344 F.Supp. at 1279.

The appellant contends that it is entitled to recover for the loss of use of the barge during the period of repairs, that it has introduced competent evidence at trial to prove the actual loss of profits and, with reasonable certainty, the amount of that loss. Appellant further contends that the District Court erred in refusing prejudgment interest, that while the award of interest in admiralty cases is a matter within the court's discretion, that discretion must be exercised with a view to the right of interest unless the circumstances are exceptional. Appellant submits that those exceptional circumstances do not exist in this case.

The appellee maintains that our review of the District Court's determination is limited in scope by the "clearly erroneous" rule, and that the trial court's findings were permissible considering that court's ability to evaluate the credibility of witnesses and to weigh the evidence. In addition, appellee argues that Mid-American has failed to prove with reasonable certainty that a measur-

---

* Chief Judge, District of South Dakota, sitting by designation.

able loss was suffered as evidenced by appellant's three different and inconsistent pre-trial positions with respect to the amount claimed for loss of use. Regarding prejudgment interest, it is the appellee's position that Mid-American's delay of almost one and one-half years from the date of the damages in filing its complaint, coupled with the good faith contest over appellee's uncertain liability, provide such circumstances upon which the District Court could have based denial.

■ While the District Court's findings of fact in admiralty proceedings will not be reversed unless clearly erroneous, Delta Marine Drilling Company v. M/V Baroid Ranger, 454 F.2d 128 (5th Cir. 1972), it remains that since the District Court has given this court no basis upon which to determine the factors the lower court took into consideration in making those findings, an independent determination of whether there is merit to appellant's claim for loss of use is necessary.

An independent review of the evidence adduced at trial shows that Mid-American produced evidence establishing the activity and profitability of barge MAT–38 on towings subsequent to, and including the voyage in which the litigated damage was sustained. That evidence further discloses that it is the objective of Mid-American to complete as many trips from St. Paul, Minnesota, loaded with grain, to New Orleans, Louisiana, and return, as possible within an eight and one-half month interval. Barge movement on the northern portions of the Mississippi River is seasonally restricted due to the presence of ice from early December through the middle of March. Mid-American's evidence specifically addressed itself to establishing the profitability of several MAT–38 towings based upon the weight, substance hauled, the number of journey days, and segment of the river traveled. Two grain trips from St. Paul to New Orleans were calculated for the trial court. Two coal deliveries from East St. Louis, Missouri, to Prescott, Wisconsin, were accounted for on the return trip north. Mid-American conceded that it experienced irregular success in obtaining loads from New Orleans north, but at St. Louis appellant could always secure a load of coal from the Peabody Coal Company to tow north. The months of July and August are very busy for appellant.

The settled rule in admiralty law concerning compensation to the owner of a damaged vessel during the period of repairs was expressed in The Potomac, 105 U.S. 630, 26 L.Ed. 1194 (1881).

> In order to make full compensation and indemnity for what has been lost by the collision, *restitutio in integrum,* the owners of the injured vessel are entitled to recover for the loss of her use, while laid up for repairs. When there is a market price for such use, that price is the test of the sum to be recovered. When there is no market price, evidence of the profits that she would have earned if not disabled is competent; but from the gross freight must be deducted so much as would in ordinary cases be disbursed on account of her expenses in earning it; in no event can more than the net profits be recovered by way of damages; and the burden is upon the libellant to prove the extent of the damages actually sustained by him

*Id.,* at 631–632.

The United States Supreme Court reiterated this principle in The Conqueror, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937 (1897).

> That the loss of profits or of the use of a vessel pending repairs or other detention, arising from a collision, or other maritime tort, and commonly spoken of as demurrage, is a proper element of damage, is too well settled both in England and America to be open to question. It is equally well settled, however, that demurrage will only be allowed when profits have actually been, or may be reasonably supposed to have been, lost, and the amount of such profits is proven with reasonable certainty.

*Id.,* at 125, 17 S.Ct. at 516.

The right to recover for loss of use as enunciated by the Supreme Court in the previous cases remains the law today. Delta Marine Drilling Company v. The M/V Baroid Ranger, 454 F.2d 128 (5th Cir. 1972).

A review of the entire evidence leaves this court with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). It is clear that appellant is entitled to some compensation for the loss of profits during the period of repairs to MAT–38. The fact that the exact amount is difficult to determine should not deprive Mid-American of its right to recovery. Daniels Towing Service, Inc. v. Nat Harrison Associates, 432 F.2d 103 (5th Cir. 1970). Therefore, with regard to the District Court's denial of damages for loss of use, the case is remanded for further findings and calculations by the District Court to adequately compensate the appellant on this valid claim.

Similarly, we find that the District Court has clearly erred in denying appellant prejudgment interest. This court has recently followed the recognized general rule in admiralty suits permitting, in the discretion of the trial court, the award of prejudgment interest unless there are exceptional or peculiar circumstances. Mid-American Transportation Company v. Rose Barge Line, Inc., 477 F.2d 914 (8th Cir. 1973). The year and one-half period between the accident and the filing of a complaint is not exceptional or peculiar in light of the parties' settlement negotiations. And, "the prompt assertion of a good faith defense is not a relevant factor in determining the compensatory aspects of an award of damages, including an award of prejudgment interest." *Id.,* 477 F.2d at 916. Thus, in keeping with this Circuit's most recent decision on this element of damages, *Mid-American, supra,* we remand the case to the District Court so that it may make an award for prejudgment interest. That interest shall be computed from the time the expenditures were actually made, i. e., the time of payment.

Reversed and remanded.