**CARGILL, INCORPORATED, Appellant,**

v.

**TAYLOR TOWING SERVICE, INC., a corporation, Appellee.**

No. 80–1084.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1980.

Decided March 3, 1981.

**240**

Gallop, Johnson, Godiner, Morganstern & Crebs, P. Terence Crebs, Michael W. Forster, St. Louis, Mo., for appellant.

Goldstein & Price, Elmer Price, St. Louis, Mo., for appellee Taylor Towing Service, Inc.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Cargill, Inc. (hereinafter appellant) appeals from a judgment of the District Court for the Eastern District of Missouri[1] denying recovery for lost profits and prejudgment interest on damages arising from an accident caused by Taylor Towing Service, Inc. (hereinafter appellee) that destroyed appellant's river docking and loading facility. Following a bench trial, the district court awarded damages but denied appellant's claims for (1) lost profits resulting from the temporary shutdown of its facility and (2) prejudgment interest on the sum awarded.[2] For reversal appellant argues that the findings of fact made by the district court with respect to the lost profits and prejudgment interest claims were clearly erroneous. For the reasons discussed below, we affirm in part and reverse and remand in part.

Appellant, a Delaware corporation doing business in the state of Missouri, is the owner of a grain docking and loading facility located alongside the western bank of the Mississippi River. Appellee, at the commencement of this action, was a Missouri corporation that owned and operated towboats and other ships that sailed along the Mississippi.

On January 9, 1976, appellee contracted to remove a loaded grain barge from appellant's dock facility and take it to a location approximately one-half mile up the river. After the barge was loaded with grain, the captain cast away from appellant's dock. Appellee's barge proceeded 150 yards up river and, due to a malfunction in one of its two engines and a strong wind current, went out of control. The barge drifted down river, struck appellant's facility about midship and became lodged against the marina surrounding the property. Prior to the accident, appellant's facilities were in good and serviceable condition. Appellee was solely at fault for the accident and thus was liable for all damages which arose naturally or ordinarily from the accident.

The reasonable cost of materials and labor necessary to return appellant's dock and loading equipment to its original condition was $65,360. As a direct result of the damage to the dock facility, appellant was unable to unload its existing grain supplies to make room for subsequent deliveries. Appellant was required to renegotiate a number of contracts for the delivery of large quantities of soybeans and other grains. The district court found that damages suffered as a result of the negotiations were $17,608.71. Thus, the district court awarded appellant damages in the total amount of $82,968.71.

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

2. *Cargill, Inc. v. Taylor Towing Service, Inc.*, 483 F.Supp. 1094 (E.D.Mo.1979).

*Lost Profits*

Appellant argues that it is entitled to lost profits arising from the twenty-two day interruption of business. In its brief, appellant asserts that the district court's findings of fact relating to lost profits constituted a flawed basis for its legal conclusions. We disagree with appellant's proposition and affirm the decision of the district court.

■ Generally, expected profits of a commercial business are too remote, speculative and uncertain to permit a recovery of damages for their loss. *Fireside Marshmallow Co. v. Frank Quinlan Construction Co.*, 213 F.2d 16, 18–19 (8th Cir. 1954). To warrant a recovery for lost profits, the plaintiff must present proof sufficient to bring the issue outside the realm of conjecture, speculation or opinion unfounded on definite facts. *Id.* at 18; 22 Am.Jur.2d *Damages* § 171, at 422–25. As an element of recoverable damages, the sufficiency of the evidence of lost profits is dependent upon whether the financial information contained in the record is such that a just or reasonable estimate can be drawn. *Rich v. Eastman Kodak Co.*, 583 F.2d 435, 437 (8th Cir. 1978) (per curiam); *Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp.*, 194 F.2d 846, 855 (8th Cir.), *cert. denied*, 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1348 (1952).

As to appellant's alleged loss of profits, the district court found that "evidence on its alleged loss of profits relating to loss of spot business is speculative and unwarranted and such profits cannot be allowed . . . ." *Cargill, Inc. v. Taylor Towing Service, Inc.*, 483 F.Supp. 1094, 1098–99 (E.D. Mo.1979).

■ Anticipated profits are recoverable only when the claim is substantiated on proof of income and expenses prior to interruption of the business enterprise. *Rich v. Eastman Kodak Co., supra*, 583 F.2d at 436.[3]

■ In the final analysis, the question of lost profits as an item of damages is primarily a problem of proof and it is for the district court initially to determine whether the moving party has produced the quantum and quality of evidence sufficient to establish the claim in a sum certain. *Handi Caddy, Inc. v. American Home Products*, 557 F.2d 136, 139 (8th Cir. 1977). Upon careful review of the record and the financial computations submitted for the first time on appeal, we hold that the district court did not err in denying lost profits.[4]

*Prejudgment Interest*

Appellant next argues that the district court erred in failing to award prejudgment interest on the full amount of stipulated damages. Appellant argues that recovery of prejudgment interest represents an element of just compensation for the actual loss which it suffered. The district court denied the claim on the grounds that appellant had unduly inflated its claim. We agree with appellant's assertions and reverse and remand.

■ Generally, the award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court. *Mid-America Transportation Co. v. Rose Barge Line, Inc.*, 477 F.2d 914, 916 (8th Cir. 1973); *see also Lodges 743 & 1746, International Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422 (2d Cir. 1975), *cert. denied*, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976) (hereinafter *Lodges* ).

---

**3.** *See also Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo.1968) ("to sustain awards of damages for loss of business profits, appellate courts of this state have made stringent requirements, refusing to permit speculation as to probable or expected profits and requiring a substantial basis for such awards").

**4.** The record indicates that appellant has been hard pressed to arrive at a figure that reflects the alleged loss in a sum certain. On 'at least four occasions, appellant modified its computation method and consequently arrived at four different totals which allegedly represent the loss which resulted from the temporary shut down of appellant's docking facility. Furthermore, the evidence shows that, although the operation of appellant's business was interrupted for a twenty-two day period, the dramatically increased activity in the months following the incident allowed appellant to recapture profits, assuming any in fact were lost.

Prejudgment interest is to be awarded whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal. *United States v. Motor Vessel Gopher State*, 614 F.2d 1186, 1190 (8th Cir. 1980); *The Wright*, 109 F.2d 699, 702 (2d Cir. 1940).

 A vital ingredient in the determination of whether to award prejudgment interest is a desire to make whole the party injured, but in appropriate circumstances compensatory principles must be tempered by an assessment of the equities. *Lodges, supra*, 534 F.2d at 447.[5] No finding was made by the district court that established the existence of exceptional or peculiar circumstances; the district court merely rejected appellant's claim because "the value which appellant placed upon the facility was unreasonably high." *Cargill, Inc. v. Taylor Towing Service, Inc., supra*, 483 F.Supp. at 1099. The district court did not make a specific finding of bad faith on the part of appellant; nor did the district court find that appellant was dilatory in bringing the suit or that appellant asserted frivolous claims. *Mid-America Transportation Co. v. Cargo Carriers, Inc.*, 480 F.2d 1071, 1074 (8th Cir. 1973); *Mid-America Transportation Co. v. Rose Barge Line, Inc., supra*, 477 F.2d at 916. Thus, we are compelled to remand this issue to the district court with instructions to grant prejudgment interest on the amount of the damages awarded.

In sum, the findings of fact made by the district court with regard to appellant's claim for lost profits were not clearly erroneous; however, its conclusions with regard to the prejudgment interest claim are inconsistent with the law of this circuit. On remand prejudgment interest should be awarded to appellant at a fair and reasonable rate.[6] Accordingly, the decision of the district court is affirmed as to the lost profits claim and reversed and remanded as to the prejudgment interest claim.

---

5. *See Board of County Comm'rs v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1943) (prejudgment interest is denied when its exaction would be inequitable).

6. We note enormous fluctuations in the interest rate since the time this action was commenced. Thus, we find the need to reiterate the long-standing principle that a court sitting in admiralty need not fix interest at the legal rate allowed in the forum state. *United States v. Motor Vessel Gopher State, supra*, 614 F.2d at 1190; *Sabine Towing & Transportation Co. v. Zapata Ugland Drilling, Inc.*, 553 F.2d 489, 491 (5th Cir.), *cert. denied*, 434 U.S. 855, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977); *Sea-Land Service, Inc. v. Eagle Terminal Tankers, Inc.*, 443 F.Supp. 532, 534 (W.D.Wash.1977). The district court, however, should award interest (on $82,968.71) at a rate generally consistent with the interest rate prevailing at the time repairs were completed because it is during this period that appellee had the use and benefit of the money.