IT IS HEREBY ORDERED that Kaiser Aluminum and Chemical's motion for summary judgment be and is GRANTED, and that Noranda Aluminum, Inc's., motion for summary judgment be and is DENIED.

JUDGMENT

In accordance with the memorandum and order of this Court filed this date and incorporated herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that third-party plaintiff, Kaiser Aluminum and Chemical Corporation, shall have judgment against third-party defendant, Noranda Aluminum, Inc., in the amount of Four Hundred Seventy Five Thousand Seven Hundred Eighty Seven Dollars and Forty-Eight Cents ($475,787.48), with interest accruing at the rate of Nine Percent (9%) from June 16, 1983, plus the total costs assessed against third-party plaintiff in the main action; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of this action be and are assessed against Noranda Aluminum, Inc.

**In re The VALLEY LINE COMPANY Owner of the M/V A.D. Haynes in an action for exoneration from and/or limitation of liability, Plaintiff.**

No. 82–0432A(3).

United States District Court, E.D. Missouri, E.D.

March 28, 1984.

**162**

Raymond L. Massey, Thompson & Mitchell, St. Louis, Mo., for plaintiff.

Leo M. Newman, Newman & Bronson, St. Louis, Mo., Jerome J. Schlichter, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., Robert Nienhuis, Goldstein & Price, James W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for claimant.

## MEMORANDUM

HUNGATE, District Judge.

This proceeding in admiralty is before the Court for decision on damages following a bench trial conducted on October 24, 1983, pursuant to this Court's order of March 1, 1983, bifurcating the trial of certain issues. This Court previously, on May 12, 1983, entered specific findings of fact and conclusions of law relative to the issue of liability for injuries, losses, and damages occasioned by the collision of March 19, 1982, wherein the M/V A.D. Haynes collided with the Thebes Bridge. 564 F.Supp. 612. On May 12, 1983, the Court had expressly reserved the issues relating to damages incurred by any claimant.

Having considered the pleadings, trial testimony, deposition testimony, exhibits, stipulations, and memoranda of the parties, and being fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law:

*Findings of Fact*

1. The findings of fact determined by the Court on May 12, 1983, are fully incorporated herein by reference.

2. As a result of the accident on March 19, 1982, involving the M/V A.D. Haynes, Cargill Incorporated sustained damages as follows, which are reasonably attributable to the accident and for which The Valley Line Company is liable:

a. $23,154.60—damage to pile cluster (Stipulation ¶ 2, October 19, 1983);

b. $13,308.77—damage to cargo in barge RF–467B (Stipulation ¶ 3, October 19, 1983);

c. $3,287.25—survey expenses and tug expenses (Stipulation ¶ 4, October 19, 1983);

Total of paragraphs a, b, and c = $39,750.62; and

d. Ten percent prejudgment interest from April 20, 1982, to the date of the judgment on $16,596.02 (cargo damage, survey expenses, and tug expenses) and ten percent prejudgment interest from September 20, 1982, on $23,154.60 (expenses for repair of the dolphin) to the date of judgment (Stipulation ¶ 5, October 19, 1983).

3. As a result of the accident on March 19, 1982, involving the M/V A.D. Haynes, Bethlehem Steel Corporation sustained damages as follows, which are reasonably attributable to the accident and for which The Valley Line Company is liable:

a. $45,625.00—steel cargo damage in barge VL–81407 (Stipulation ¶ 3, August 1, 1983);

b. $526.17—cargo damage survey (Stipulation ¶ 4, August 1, 1983);

c. $2,793.89—additional charges for handling cargo in barge VL–81407 (Stipulation ¶ 4, August 1, 1983);

Total of paragraphs a, b, and c = $48,945.06; and

d. Ten percent prejudgment interest from May 10, 1982, to the date of the judgment on $48,945.06 (Stipulation ¶ 6, August 1, 1983).

4. As a result of the accident on March 19, 1982, involving the M/V A.D. Haynes, Arrow Transportation Company sustained damages as follows, which are reasonably attributable to the accident and for which The Valley Line Company is liable:

a. $4,099.55—damage to barge ATC–1209 (Stipulation ¶ 1, August 1, 1983);

b. $270.00—survey expenses for barges ATC–1209 and ATC–807 (Stipulation ¶ 3, August 1, 1983);

Total of paragraphs a and b = $4,369.55; and

c. Ten percent prejudgment interest from June 1, 1982 to the date of judg-ment on $4,369.55 (Stipulation ¶ 5, August 1, 1983).

5. As a result of the accident on March 19, 1982, involving the M/V A.D. Haynes, Great American Life Insurance Company and Robert B. Miller & Associates, Inc. (hereinafter Great American claimants) sustained damages, which are reasonably attributable to the accident and for which The Valley Line Company is liable, as follows:

a. $4,435.49—repair damages to barge RM–228B (Stipulation ¶ 1, October 27, 1983);

b. $746.67—survey expenses for barge RM–228B (Stipulation ¶ 1, October 27, 1983);

c. $180.50—shifting and towing charges for barge RM–228B (Stipulation ¶ 1, October 27, 1983);

Total of paragraphs a, b, and c = $5,362.66; and

d. Ten percent prejudgment interest from September 1, 1982, to the date of judgment on $5,362.66 (Stipulation ¶ 2, October 27, 1983).

6. As a result of the accident on March 19, 1982, involving the M/V A.D. Haynes, Blue River Transportation Company, Robert B. Miller, Jr., and Robert B. Miller & Associates, Inc. (hereinafter Blue River claimants) sustained damages, which are reasonably attributable to the accident and for which The Valley Line Company is liable, as follows:

a. $10,161.00—port damage to barge RM–39B (Stipulation ¶ 3, October 27, 1983);

b. $918.17—survey expenses for barge RM–39B (Stipulation ¶ 4, October 27, 1983);

c. $1,374.00—incidental expenses for barge RM–39B (Stipulation ¶ 4, October 27, 1983);

Total of paragraphs a, b, and c = $12,453.17; and

d. Ten percent prejudgment interest from September 1, 1982, to the date of judgment on $12,453.17 (Stipulation ¶ 5, October 27, 1983).

7. On March 20, 1982, the day after the accident, Mr. Louis J. Frueh, an experienced marine surveyor employed by Cairo Marine Service, Incorporated, conducted a preliminary damage survey of barge RM–39B to determine whether any new damages existed. This survey was conducted near Cairo, Illinois. Mr. Frueh represented claimant Cargill when he performed this survey. From the outside of the barge, Mr. Frueh was able to see at least three feet of freeboard, on the starboard side, that is, from the deck to the water level. Mr. Frueh also had an opportunity to see any starboard side shell damage from the inside of the barge.

While Mr. Frueh determined that the damage he found to the starboard side shell was "fresh" and casualty related, his survey report indicates that some of that damage was "old."

On or about March 22, 1982, three days after the accident, Mr. Jan Haynes, an experienced marine surveyor employed by Merrill Marine, conducted a damage survey of Barge RM–39B at Cairo, Illinois. Mr. Haynes visually inspected the barge interior and exterior, including approximately three feet of freeboard, from the deck area. Mr. Haynes represented The Valley Line Company when he performed this survey.

On or about March 23, 1982, four days after the accident, William P. Kellum, an experienced marine surveyor with Kellum Marine Service (now known as Kellum, Williams and Associates), conducted a preliminary damage survey of Barge RM–39B at Cairo, Illinois. Mr. Kellum visually inspected the barge interior and exterior, including approximately three feet of freeboard, from the deck area. Mr. Kellum performed this survey on behalf of Blue River claimants and Great American claimants.

Neither Mr. Kellum nor Mr. Haynes observed starboard side shell damage which the surveyors considered related to the March 19, 1982, accident.

On April 14, 1982, almost one month after the accident, Barge RM–39B was surveyed while in drydock in New Orleans, Louisiana. Robert C. Smith of Kroll Marine Surveying, an experienced marine surveyor, representing Blue River claimants, conducted this survey with other marine surveyors representing claimant Cargill and The Valley Line Company. Mr. Smith found starboard side shell damage in two areas of Barge RM–39B and attributed that damage to the accident of March 19, 1982.

A maintenance survey of Barge RM–39B on March 9, 1982, ten days before the accident, did not provide for an inspection of the starboard side shell of the barge.

The marine surveyors based their opinions of the age of any damage on the amount and color of rust at the damage site. The existence and extent of rust may be affected by the site's exposure to moisture and weather.

Blue River claimants incurred $15,936.00 performing repairs to the starboard side of Barge RM–39B (Stipulation ¶ 3, October 27, 1983). The reasonableness of this amount is not contested.

8. Blue River claimants also claim a loss of use as a result of Barge RM–39B being out of service during the time it underwent repair. During that period, Robert B. Miller & Associates, Inc. (Miller), contracted with SCNO Barge Lines, Inc., to provide barge service to fulfill a commitment Miller had with Farmland Industries. Mr. Joe P. Claes, Vice-President in charge of barge operations for Robert B. Miller & Associates, Inc., testified that Miller lost approximately $2,058.17 by using a barge of SCNO Barge Lines, Inc., rather than Barge RM–39B. Mr. Claes arrived at this figure by taking the profit made by use of the SCNO barge from the profit potentially made by use of Barge RM–39B. Blue River claimants did not introduce financial records to support this testimony.

9. After the accident, claimant Michael Ryan was taken to St. Francis Hospital, Cape Girardeau, Missouri, where he was diagnosed as having an open fracture of the distal tibia and fibula of the left leg just above the ankle. Due to the severity

of the wound and the need to stabilize the bone, the emergency surgery included application of a Hoffman device to the leg. This apparatus consists of pins inserted through the bones of the leg with bars applied outside the pins to hold the bone together. After this surgery, Mr. Ryan had to dress the wound each day. A few weeks later, Ryan underwent a skin graft operation to finish closing the wound site that had been left partially open after the initial surgery. Ryan was discharged from St. Francis Hospital on April 19, 1982, with crutches and with the Hoffman apparatus.

Mr. Ryan was admitted to St. Francis Hospital for the second time on July 11, 1982. At that time, he underwent surgery to remove the Hoffman device and a cast was applied to the leg. After this surgery, angulation of the fracture area developed. The cast was subsequently removed and a brace was used to further support the fractured area.

In early November, 1982, Mr. Ryan consulted a second doctor, Dr. Segrist, in Alton, Illinois. In December, 1982, Mr. Ryan twice entered St. Anthony's Hospital, Alton, Illinois. The first admission was for an aspiration to determine whether or not there was infection present at the non-union of the tibia. The second admission was for surgery to straighten and promote healing of the tibia by the insertion of a plate and electric bone stimulator. After this surgery, the angulation of the leg improved from thirty degrees to ten degrees. Mr. Ryan relied on a cane until June, 1983, and the stimulator device was removed in August, 1983.

Present conditions of the injured leg include: scarring, discoloration, swelling, some movement limitations, discrepancy in length when compared to the right leg, hypersensitivity in some areas, and clawing of the toes. The metal plate remains on the tibia and may be surgically removed in the future. Mr. Ryan continues to see a doctor on a periodic basis.

Mr. Ryan is unable to perform heavy manual labor and is able to perform sedentary jobs among other jobs.

At the time of the accident, claimant Ryan was a deckhand earning $1,068.22 per month, plus overtime. The wage rate for an experienced deckhand in 1982 was the same, with an increase in 1983 to $1,121.63 per month.

Mr. Ryan is now in school and plans to be an x-ray technician after completing his degree within the next two years. At present, he has a part-time job performing janitorial work during the school year for the minimum wage. The salary of an x-ray technician is approximately $15,000 per year.

Since the time of his accident, Mr. Ryan has received maintenance and cure payments at the rate of $12.00 per day (or $84.00 per week) up to August 7, 1983, at which time he began receiving $98.00 per week.

Mr. Ryan's remaining medical bills, excluding Dr. Segrist's bill, are $7,858.30 to St. Anthony's Hospital, $165.00 to Alton Memorial Hospital, and $235.22 to Griffith Co., for a total of $8,258.52.

### Conclusions of Law

1. The conclusions of law determined by the Court on May 12, 1983, are fully incorporated herein by reference.

2. The Cargill, Bethlehem Steel, Arrow, Great American, and Blue River claimants may recover damages in the amounts set forth in the respective stipulations.

3. The damage found on the starboard side shell of Barge RM–39B was not proximately related to the accident of March 19, 1982. Therefore, Blue River claimants will not recover the cost of repairing such damage, or a total of $15,936.00.

4. A claimant is entitled to recover lost profits as a result of the collision where those losses can be ascertained with reasonable certainty. *Mid-America Transportation Co. v. Cargo Carriers, Inc.*, 480 F.2d 1071 (8th Cir.1973). The claimant bears the burden of proving the extent of

damages sustained. *The Potomac*, 105 U.S. 630, 631–32, 26 L.Ed. 1194 (1881). To warrant recovery for lost profits, proof must be sufficient to remove the matter from the realm of conjecture or speculation and the evidence must be sufficient to draw a just or reasonable estimate. *Cargill, Inc. v. Taylor Towing Service, Inc.*, 642 F.2d 239, 241 (8th Cir.1981).

■ Here, Blue River claimants' testimony in support of the "loss of use" claim was based on calculations made from financial records not available to the Court and Valley Line. *See Ohio River Co. v. Peavey Co.*, 556 F.Supp. 87, 93 (E.D.Mo.1982). While Blue River claimants introduced, over Valley Line's objections, daily records for the period from March 15, 1982, through May 14, 1982, which includes the period of repair, those records do not disclose financial data from which the Court may reasonably estimate profit loss. The Court, therefore, is unable to adduce, without speculation, a reasonable estimate of loss of use damages, and will deny that part of Blue River claimants' claim.

■ 5. Mr. Ryan may recover for the nature, extent, and duration of the injury, as well as disability, pain, and suffering, and medical bills, both past and future, and the value of lost earnings. Due to the extent and severity of the injury, the Court finds the value of the injury to be $150,000.00. The Court further finds that the disabilities resulting from the injury have a reasonable value of $150,000.00, and that $100,000.00 for pain and suffering is reasonable. Mr. Ryan may recover present medical expenses in the amount of $8,258.52 and $7,000.00 for expenses of future medical treatment. Furthermore, claimant has a present earnings loss of $25,000.00. In light of claimant's education and ability to perform work other than heavy manual labor, the Court determines that Mr. Ryan will be able to earn an amount at least equal to that he received as a deckhand, and therefore the Court assesses no damages for loss of future earnings.

■ In accordance with the finding and conclusion that Mr. Ryan was contributorily negligent and that his damages should thereby be reduced by fifty percent, the total assessed damages of $440,258.52 resulting from Mr. Ryan's injury shall be reduced by fifty percent and awarded in the total amount of $220,129.76.

■ 6. Finding no exceptional or peculiar circumstances to preclude such an award, the Court determines that claimants may recover prejudgment interest at the reasonable rate of ten percent, *Mid-American Transportation Company v. Rose Barge Line, Inc.*, 477 F.2d 914 (8th Cir. 1973), from the date of the relevant expenditure. *Cargo Carriers, Inc., supra,* 480 F.2d at 1074.

### JUDGMENT

In accordance with the memorandum of the Court filed this day, which is incorporated into and made a part of this judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be and the same is entered in favor of plaintiff, The Valley Line Company, pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 et seq. Plaintiff's liability stemming from the subject matter of this action shall be limited to the value of its interest in the M/V A.D. Haynes immediately following the accident of March 19, 1982, which gave rise to this action.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Cargill Incorporated recover of and from The Valley Line Company the sum of $39,750.62, together with prejudgment interest at the rate of 10% per annum from April 20, 1982 on $16,596.02, and from September 20, 1982, on $23,154.60; post-judgment interest at the rate allowable by law; and costs.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Bethlehem Steel Corporation recover of and from The Valley Line Company the sum of $48,945.06, together with prejudg-

ment interest at the rate of 10% per annum from May 10, 1982; post-judgment interest at the rate allowable by law; and costs.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Arrow Transportation Company recover of and from The Valley Line Company the sum of $4,369.55, together with pre-judgment interest at the rate of 10% per annum from June 1, 1982; post-judgment interest at the rate allowable by law; and costs.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimants Great American Life Insurance Company and Robert B. Miller & Associates, Inc., recover of and from The Valley Line Company the sum of $5,362.66, together with prejudgment interest at the rate of 10% per annum from September 1, 1982; post-judgment interest at the rate allowable by law; and costs.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimants Blue River Transportation Company, Robert B. Miller, Jr., and Robert B. Miller & Associates, Inc., recover of and from The Valley Line Company the sum of $12,-453.17, together with prejudgment interest at the rate of 10% per annum from September 1, 1982; post-judgment interest at the rate allowable by law; and costs.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Michael Ryan recover of and from The Valley Line Company the sum of $220,-129.76, together with prejudgment interest at the rate of 10% per annum; post-judgment interest at the rate allowable by law; and costs.