**SINCLAIR REFINING COMPANY,**
Plaintiff-Appellee,

v.

**The SS GREEN ISLAND,** her engines, tackle, etc., Defendant-Appellant.

**CENTRAL GULF STEAMSHIP CORPO-RATION,** Plaintiff-Appellant,

v.

**The TANKER M. L. GOSNEY,** her engines, tackle, etc., in rem, and Sinclair Refining Company, et al., in personam, Defendants-Appellees.

No. 29075
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 8, 1970.

Donald L. King, New Orleans, La., for Central Gulf Steamship Corp.

Stanley R. Wright, New York City, Francis Emmett, New Orleans, La., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this ship collision case the parties agreed on mutual fault, and a consent decree was entered under which each agreed to pay one-half the damages of the other. The District Court appointed a commissioner to fix the amount of damages. His report was filed, finding the appellee to be entitled to an excess of damages over those of appellant and finding that appellee was to receive interest on the excess from April 1, 1963, stipulated mean date of both parties' disbursements and expenses. Appellant filed objections to the report only on the award of interest. This was argued to the District Judge, who declined to. delete the interest, adopted the commissioner's report and entered a final judgment for the excess and interest.

On this appeal the only alleged error springs from the award of interest. Pursuant to our Rule 18 we decide the case on the briefs and record.

Appellant asserts various alternatives: that no interest should be allowed; that

interest should run only from the date the commissioner filed his report; that interest should run only from the date of the mutual fault judgment; that it was manifestly unfair to allow interest from April 1, 1963, on $8,433 of the award because the appellee increased its claim by this amount at a hearing before the commissioner in 1968.

The general rule in admiralty is that those injured by tortious collision are entitled to interest as a part of just compensation for the wrong done, and discretion to deny interest is based upon the existence of peculiar circumstances. President Madison, American Mail Line v. Skagit River Navigation & Trading Co., 91 F.2d 835 (9th Cir. 1937); Carl Sawyer, Inc., v. Poor, 180 F.2d 962 (5th Cir. 1950). This is true in mutual fault cases. Kawasaki Zosensho v. Cosulich Societa Triestina Di Navigazione, 11 F.2d 836 (5th Cir. 1926).

Under Rule 53(e) (2), Fed.R. Civ.P., the court was required to accept the commissioner's findings of fact unless clearly erroneous. This mandate to the trial court in passing on the commissioner's findings prescribes substantially the same test which Rule 52 (a) applies to the findings of the district court upon appeal. 5 Moore, Federal Practice, § 53.12(4) at 3008. We are not able to say that the District Judge erred in adopting the commissioner's findings. One of the peculiar reasons for which it may be concluded that interest should be denied is extraordinary delay in commencing or prosecuting the libel. The Umbria, 166 U.S. 404, 17 S.Ct. 610, 41 L.Ed. 1053 (1897). But in the instant case the parties stipulated that neither had been guilty of any delay which should have any bearing on consideration of allowing or disallowing interest, and the commissioner noted the existence of the stipulation. The item of $8,433 resulted from an error by counsel in entering figures in the pre-trial order, and, when counsel discovered his error the commissioner granted leave to amend the order.

The appellant appears to contend, relying on Kawasaki, that in a mutual fault case there can be no award of interest from the date of collision or loss if the claims of the parties are seriously contested, if the claims are unliquidated, or if it is uncertain which party has ultimate liability. These are factors to be considered by the trier of fact along with other facts and circumstances in determining if there exist the necessary "peculiar circumstances" that will authorize the exercise of discretion to award less than full compensation by denying interest. In Kawasaki the District Court allowed to the Anna interest from the date of the collision. On appeal this court reversed and remanded and expressed the view that interest should be calculated from the date of the final decree to be subsequently entered on remand. The court noted the factors emphasized by appellee herein but also pointed out that the Anna had claimed substantially more than was awarded, and that the District Court erroneously had denied to the other vessel amounts to which it was entitled and which should be allowed on remand. Such appellate action as to interest, incident to reversal and remand, does not require in this case, where the only issue on appeal is the award of interest, that we disturb the action of the District Court.

Chitty v. M/V Valley Voyager, 408 F.2d 1354 (5th Cir. 1969) is not contrary to what we decide. It affirmed the discretion of the District Judge which, in that instance, was exercised to award interest from the date of the interlocutory judgment.

Affirmed.