553 F.2d 489
 In the Matter of the Complaint of Sabine Towing &
Transportation Co., Inc. as owner of the M/V
VULCAN in a cause of Exoneration from
and/or Limitation of Liability.
SABINE TOWING AND TRANSPORTATION COMPANY, INC., Plaintiff-Appellant,
v.
ZAPATA UGLAND DRILLING, INC., Defendant-Appellee.
 No. 76-1986
 Summary Calendar.*
United States Court of Appeals,
Fifth Circuit.
 June 6, 1977.
 
 W. Garney Griggs, Houston, Tex., for plaintiff-appellant.
 Joseph D. Cheavens, Houston, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 From an admiralty damage award in a ship collision case, appellant challenges the amount of the $289,078.02 judgment. It contends that the district court erred in awarding loss of use damages to the drilling rig damaged in the collision; that damages for towage, repairs and other expenses were not sufficiently proved; that prejudgment interest should not have been awarded; and that the 12% rate for prejudgment interest was excessive and should have been limited to the statutory rate. We affirm.
 
 
 2
 This action arose out of a collision on June 2, 1974 between the M/V Vulcan, a harbor tug owned and operated by appellant Sabine Towing and Transportation Company, and the Zapata Ugland, a large semisubmersible drilling rig owned by Ugland Shipping Co. of Norway and under long-term bareboat charter to Zapata Ugland Drilling Company. The collision occurred in the Port Arthur Channel of Texas. The appealed judgment was entered in an action for exoneration and limitation filed by Sabine. Liability is not challenged, only the damage award.
 
 
 3
 According to the settled law in this Circuit, Zapata was entitled to damages for the loss of the use of the Zapata Ugland during the entire period it was delayed from beginning its drilling contract and the contract rate may be used as a proper evidentiary guide for measuring that loss. Skou v. United States, 526 F.2d 293 (5th Cir. 1976); Delta Marine Drilling Co. v. M/V Baroid Ranger, 454 F.2d 128 (5th Cir. 1972). See generally Black & Gilmore, The Law of Admiralty 526 (2d ed. 1975). See also Continental Oil Co. v. SS Electra, 431 F.2d 391 (5th Cir. 1970), cert. denied, 401 U.S. 937, 91 S.Ct. 925, 28 L.Ed.2d 216 (1971); Agwilines, Inc. v. Eagle Oil & Shipping Co., 153 F.2d 869 (2d Cir. 1946). For this purpose, the district court properly used the rate provided in the amended retroactive contract, the amount Zapata would have been entitled to collect had the rig been operating during the period, less operating costs saved.
 
 
 4
 A review of the record reveals sufficient evidence to support the award for other expenses, including the actual cost of repairs, the charter hire of M/V Baffin Service, and other incidental expenses, all reasonably necessary for repair of the vessel.
 
 
 5
 As to petitioner's contention that prejudgment interest was unwarranted, we note that in admiralty cases the award of prejudgment interest from the date of loss is the rule rather than the exception. Gulf Oil Corp. v. Panama Canal Co., 481 F.2d 561, 570-571 (5th Cir. 1973); Managua Navigation Co. v. Aktieselskabet Borgestad, 7 F.2d 990, 993 (5th Cir. 1925). Discretion to deny interest must be based on the existence of peculiar circumstances, none of which are present in this case. See American Zinc Co. v. Foster, 441 F.2d 1100, 1101 (5th Cir.), cert. denied, 404 U.S. 855, 92 S.Ct. 99, 30 L.Ed.2d 95 (1971); Kawasaki Zosensho v. Cosulich Societa Triestina di Navigazione, 11 F.2d 836, 838 (5th Cir. 1926).
 
 
 6
 The district judge set the rate of interest at 12%, which was Zapata's cost of borrowing money. Although in Geotechnical Corp. v. Pure Oil Co.,214 F.2d 476, 478 (5th Cir. 1954), we noted that a federal court may consider by analogy the law of the state as the proper basis for establishing an interest rate, we expressly stated that the court was not bound by statutory interest rates. Since prejudgment interest is awarded as compensation for the wrong done, Sinclair Refining Co. v. SS Green Island, 426 F.2d 260, 262 (5th Cir. 1970), it was not an abuse of discretion for the district judge to award interest at a rate equivalent to the injured party's cost of borrowing, even though this rate was greater than the prevailing statutory rate.
 
 The judgment of the district court is
 
 7
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I