ZIM ISRAEL NAVIGATION CO., LTD.,
Plaintiff-Appellee,

v.

SPECIAL CARRIERS, INC., et al., Defendants,

Lash Carriers, Inc.,
Defendant-Appellant.

No. 86-3348.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1986.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Broders, New Orleans, La., for Lash Carriers, Inc.

Terriberry, Carrol, Yancey & Farrell, James L. Schupp, Jr., Hugh R. Struab, New Orleans, La., for Zim Israel Navigation Co., Ltd.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Lash Carriers argues in this appeal that genuine issues of material fact precluded the grant of Zim Israel's summary judgment motion for interest on amounts not timey paid by Lash under a settlement agreement between the parties. Lash also contends that the district court erred in

awarding interest at a rate set by state law. We affirm the grant of summary judgment.

## I

Lash Carriers was found liable in an admiralty action for damages suffered in a collision between its vessel and a vessel owned by Zim Israel. Before a scheduled hearing on the issue of damages, the parties reached a settlement. When payment was not received by January 31, 1986, as agreed in the settlement, Zim Israel filed a motion for summary judgment, requesting payment of $3,247,848.00, plus legal interest from January 31 until full payment. Before the court ruled on the motion, Lash paid the settlement in the installments set out in the margin.[1] The parties later agreed to submit the motion for interest to the court without oral argument, on memoranda and documentary evidence. In its ruling, the court granted Zim Israel's motion and awarded interest at rates set by Louisiana statute.

In this appeal, Lash argues that summary judgment was improperly granted because genuine issues of material fact existed as to whether there was an agreement to fund the settlement by a specific date, and whether Lash's counsel had authority to bind payment by a certain date. Lash also asserts that the district court incorrectly set the rate of interest in this admiralty action according to state law.

## II

■ Lash's contention that there was a genuine issue of material fact regarding whether the settlement payment was due by January 31, 1986 is without merit. In its statement of contested material facts, Lash did not deny that the agreement required payment by January 31, but rather stated equivocally that "[Zim Israel] requested funds to be paid by January 31, 1986 and counsel for [Lash] advised that he would request that funds be delivered as soon as possible." Likewise, in its accompanying motion, Lash stated that "[i]t was further agreed that Lash Carriers, Inc.'s interests would use all of their best efforts to fund that settlement by January 31, 1986." The record also includes two January letters from Zim Israel's counsel to Lash's confirming that payment was expected no later than January 31, 1986. Nothing indicates that counsel for Lash disagreed with this understanding or sought to inform opposing counsel otherwise. Accordingly, the record does not raise any genuine issue of material fact regarding the required time of payment under the settlement agreement.

■ Although Lash concedes that there was no dispute concerning counsel's authority to bind settlement, it argues that there was a genuine issue of fact regarding whether counsel had authority to bind settlement *by a particular date.* As creative as this distinction may be, we do not decide its force because Lash did not call it to the attention of the district court in either its memorandum or in its statement of contested material facts. The district court did not err in granting Zim Israel's motion for summary judgment.

## III

The district court awarded interest at the rate set in La.Civ.Code Ann. art. 2924 (West Supp.1986). Lash argues that the interest rate should have been set according to federal, not state law, and suggests that the appropriate rate is set forth in 28 U.S.C.1961.

■ We have held that questions regarding the enforceability or validity of settlement agreements are determined by federal law in cases where the substantive rights and liabilities of the parties derive from federal law. *Mid-South Towing Co. v. HarWin, Inc.,* 733 F.2d 386, 389 (5th Cir.1984). By logical extension, the rate of interest to be applied when a federal court

| 1. DATE | PAYMENT | BALANCE OWING | DATE | PAYMENT | BALANCE OWING |
|---------|---------|---------------|------|---------|---------------|
| January 31, 1986 | $ 0.00 | $3,247,878.00 | February 26, 1986 | 341,027.19 | 568,378.64 |
| February 12, 1986 | 1,039,320.96 | 2,208,557.04 | February 28, 1986 | 568,378.64 | 0.00 |
| February 19, 1986 | 1,299,151.21 | 909,405.83 | | | |

exercises its power to enforce a settlement agreement in such cases is also determined by federal law.

The rate of prejudgment interest in a case arising under the admiralty jurisdiction of a federal court is within the court's discretion. *See Gator Marine Service Towing, Inc. v. J. Ray McDermott & Co.,* 651 F.2d 1096, 1101 (5th Cir.1981). The court may exercise its discretion to award prejudgment interest at rates prescribed by state statute. *See Transorient Navigators Co., S.A. v. M/S Southwind,* 788 F.2d 288, 293 (5th Cir.1986). We are not persuaded that the court erred in its award of interest except for an error in calculation made by the parties in their submission to the district court. We affirm but modify the judgment to reflect the calculation of the amounts upon which interest should be paid to conform with the settlement payment amounts and dates set forth in section I of this opinion, which both parties now agree are correct.

AFFIRMED AS MODIFIED.