542 So.2d 1168 (1989)
Kay WATSON, Plaintiff/Appellee,
v.
TOWN OF ARCADIA, et al., Defendants/Appellants.
No. 20525-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
Rehearing Denied June 1, 1989.
*1169 Culpepper, Teat & Avery by Bobby L. Culpepper, Jonesboro, for Kay Watson.
David M. Newell, Homer, for Town of Arcadia.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Shreveport, for Gen. Agents Ins. Co. of America, Inc.
Before HALL, C.J., and MARVIN and HIGHTOWER, JJ.
HALL, Chief Judge.
Plaintiff, Kay Watson, and defendant, the Town of Arcadia, appeal from a summary judgment dismissing defendant, General Agents Insurance Company of North America, Inc., the Town's liability insurer, from this suit. General Agents moved for summary judgment pleading that its liability policy excluded coverage for the damages allegedly sustained by plaintiff, an employee of its insured, who alleged she was wrongfully discharged by her employer, indicted by the grand jury for theft and malfeasance related to her employment, and was acquitted after trial on the criminal charges. Finding the trial court properly granted the motion, we affirm the summary judgment.
Plaintiff filed suit against the Town of Arcadia alleging facts summarized as follows. She was employed as the town clerk from March, 1980 until October 10, 1985 under successive one-year employment contracts. On that date she was discharged at the recommendation of the Bienville Parish District Attorney. She requested an explanation and a hearing but was given neither. On November 6, 1985, because of her refusal to voluntarily resign, plaintiff was indicted by the Bienville Parish Grand Jury on two counts of theft and two counts of malfeasance in office. Plaintiff alleged that there was no basis for the charges. All charges were related to her employment and the co-signing of checks on the town accounts. It was the performance of her duties that resulted in the indictments against her. On May 3, 1986, plaintiff was found not guilty of the theft charges, and the malfeasance in office charges were dismissed on August 27, 1986. Plaintiff alleged that the Town's action was arbitrary and capricious, without legal or probable cause, and in legal bad faith. It is alleged that her illegal discharge and illegal indictment resulted in great embarrassment, humiliation and mental anguish.
Plaintiff sought reimbursement of attorney's fees associated with her successful defense of the criminal charges, back wages, attorney's fees in connection with the wrongful discharge, and damages for her "humiliation, mental anguish, and embarrassment in connection with the wrongful discharge." She also sought reinstatement to her former position as town clerk including all medical coverage and retirement benefits.
The defendant insurance company, added as a defendant by supplemental petition, moved for summary judgment based on the coverage and exclusion provisions of its policy issued to the Town. Among other contentions, the insurance company urged that coverage was excluded under two exclusions contained in the policy relating to injuries incurred by employees of the insured.[1] The trial court determined that the insurance policy does not provide coverage *1170 for plaintiff's alleged injuries and granted summary judgment dismissing plaintiff's demands against the insurance company. Both the plaintiff and the town appealed.[2]
Appellants argue on appeal that the employee exclusions do not apply because the plaintiff is seeking compensation for injuries occurring several weeks after she was discharged from her employment and, therefore, a material issue of fact exists as to whether her injuries are related to her employment or arose in the course of her employment, precluding the granting of summary judgment.
A motion for summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there are no genuine issues of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(B).
There do not appear to be any genuine issues of material fact. At least for the purpose of determining whether or not the policy provides coverages for the damages sought by plaintiff in connection with the motion for summary judgment, defendant concedes the alleged facts are true. Plaintiff and the Town do not indicate in briefs that there are any additional material facts which could or would be pled or proved. The issue is whether as a matter of law the insurance policy provides coverage to plaintiff for the damages she is seeking to recover under the facts she alleges.
General Agents issued a general liability policy to the Town of Arcadia providing two separate and distinct coverage parts. One part contains manufacturers' and contractors' liability insurance coverage for premises and for the named insured's operations in progress providing coverage for bodily injury or property damage caused by an occurrence. This coverage part contains exclusion (j) which excludes coverage for "... bodily injury to any employee of the insured arising out of and in the course of his employment by the insured...."
An additional coverage part contains personal injury liability coverage which provides coverage for personal injuries sustained by any person or organization arising out of one or more of the following offenses committed in the conduct of the Town's business: false arrest, detention or imprisonment; malicious prosecution; libel and slander; and wrongful entry or eviction, or other invasion of the right of private occupancy. Exclusion (c) of the personal injury liability insurance coverage excludes coverage for "... personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured."
Initially, we determine that plaintiff's claims for attorney's fees, back wages, and reinstatement to her former position are all contractual in nature and are not covered by either coverage part as a personal injury, bodily injury, or property damage. Plaintiff's only other claim is for general damages for humiliation, mental anguish, and embarrassment in connection with the alleged wrongful discharge.
Plaintiff alleged that she was wrongfully discharged for reasons related to her employment duties of co-signing checks. She alleges that all criminal charges brought against her were related to her employment as town clerk and that it was the performance of her duties that resulted in the indictments against her. She further alleges that at all pertinent times she was an employee of the Town of Arcadia and had it not been for her employment she would not have been indicted. The only act of the Town factually material to the coverage issue which she alleges is that the Town wrongfully discharged her from employment. Plaintiff does not allege any other acts by the Town or its officials or employees, either before or after her discharge, *1171 which would give rise to liability on the part of the Town for which there would be insurance coverage. Her indictment was an act accomplished by the grand jury and not by the insured Town.
Plaintiff argues she incurred damages when she was indicted several weeks after she was discharged and therefore her injuries should not be considered as arising in the course of her employment. However we find the plaintiff's status as an employee at the time she was discharged, the occurrence which precipitated her alleged injuries, is dispositive of this issue. Damages for an alleged wrongful discharge clearly arise out of and in the course of one's employment.
The alleged wrongful discharge and resulting injuries and damages to plaintiff are directly or indirectly related to the employment of plaintiff by the insured Town and arose out of and in the course of her employment by the Town. The exclusionary provisions of both parts of the policy apply and exclude coverage for the damages claimed by plaintiff under the facts she alleges.
For the reasons assigned we affirm the summary judgment in favor of General Agents Insurance Company of America Inc., dismissing it from this suit. All costs of this appeal are assessed against appellants equally.
Affirmed.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, HIGHTOWER, FRED W. JONES, Jr. and LINDSAY, JJ.
Rehearing denied.
NOTES
[1] The insurance company also contended that the coverage provisions of the two parts of the policy do not include the acts and injuries alleged, that there was no "bodily injury", and that there was no "occurrence" as defined in the policy. Because of our determination that the employee exclusions apply so as to exclude coverage, we pretermit discussion of the insurance company's other contentions.
[2] After summary judgment was rendered dismissing plaintiff's suit against General Agents, the Town filed a cross-claim against the insurance company asserting coverage and praying for judgment for any amounts for which it is cast on the main demand. The insurance company answered, denying coverage and pleading the summary judgment as res judicata. The cross-claim, strictly speaking, is not before the court on this appeal from the summary judgment.