MARVIN, Judge.
In the father’s action to change custody of the two children of the former marriage who were alleged to have been sexually abused by their stepfather, we affirm the trial court’s judgment rejecting his demands.
The issue is whether the trial court erred in concluding that the evidence was not legally sufficient to prove that the stepfather sexually abused one or both of the children.
Resolution of that issue requires us to recognize and apply the appellate principle of according great weight to the credibility assessments and to the factual inferences and conclusions of the trier of fact and then to determine the legal sufficiency of the evidence presented to the trial court. See State in the Interest of R. W. v. J. L. W., 491 So.2d 652, 665, On Rehearing (La.App. 2d Cir.1986), writ denied; State in Interest *1162 of B.S. v. P.S., 542 So.2d 1168 (La.App. 2d Cir.1989).
In the trial which occurred on eight nonconsecutive days, the court was presented with lay and expert testimony from witnesses offered by each parent, as well as from a psychiatrist and a psychologist appointed by the court to evaluate the mother, the father, the stepfather, and the children, a nine-year-old girl and a seven-year-old boy.
The trial court, in oral reasons transcribed after argument at the conclusion of the trial, observed that it had reviewed for three days “three ... legal pads full of notes” and the written reports of the expert witnesses. The trial court noted that the boy was a “very disturbed child,” who, on the one hand, had accused only his stepfather of sexually abusing him in statements to his father, his babysitter, and to some experts, and who, on the other hand, on at least two occasions, had recanted and denied that the statements were true.
The trial court’s appointed experts concluded that the children had experienced some type of sexual contact by a person who could not be identified and suggested that the primary domicile of the children be continued with the mother, with visitation periods with the father as provided in the original custody decree. The court followed these recommendations and adopted other recommendations for continued and separate psychiatric supervision of each child.
The trial court’s final conclusion was that the father had not proved by a preponderance of the evidence that the stepfather was the sexual abuser. With respect to this conclusion, the father emphasizes that the record contains no evidence that anyone other than the stepfather abused the children, urging that the opinion evidence that the children had been abused was proper, while the opinion evidence that the stepfather could not be identified as the abuser was improper, because this was the ultimate conclusion to be made exclusively by the court, uninfluenced by expert opinion.
The father’s argument, as we appreciate it, suggests the court was unduly influenced by the expert opinion and did not fulfill its responsibility as the trier of fact and make an independent and uninfluenced conclusion.
Our review convinces us that the trial court considered the totality of the evidence, lay and expert, to determine whether that evidence preponderantly established that the stepfather was the abuser. Emphasizing that the court was only addressing whether the father had proved his case by a preponderance of the evidence and that the father’s expert, Dr. Vigen, was not “confident” in her opinion that the stepfather was the abuser, the trial court concluded:
I think the ultimate issue is whether [the father] has shown by a preponderance of the evidence that [the stepfather] abused one or both of the children. [The court then discusses the testimony of two of the father’s experts and of the court-appointed experts for 2½ pages of the transcript, before concluding:] ...
I want the parties and [the stepfather] who is here in court ... to understand this distinction ... I want you to know that I am not finding that [the stepfather] did not do this. That’s not what I’m called on to do. What I’m called on to find is whether by a preponderance of the evidence [the father] has proved that [the stepfather] did it and I find [the father] did not. [The stepfather] ... is an attorney and I know that he ... will note the distinction.
DECREE
Having reviewed the record, we agree with the trial court’s assessment and weighing of the evidence and with its determination that the father did not prove that the stepfather was the abuser. The trial court’s judgment provides for reasonable protection, supervision, and psychiatric counseling and observation of the children and retains jurisdiction in Louisiana, where the father lives, notwithstanding the mother’s request that jurisdiction be transferred to Florida, where she is domiciled. The *1163 judgment and the reasons for judgment given by the trial court are adopted as an unpublished appendix to this opinion; The judgment, at appellant’s cost, is
AFFIRMED.