PER CURIAM.
International Trade Assistance Corporation (ITAC) appeals a final judgment for money damages, entered in accordance with a jury verdict, in an admiralty case. Forms Manufacturing Equipment, Inc. (Forms) cross-appeals an order of the trial court which denies Forms’ motion requesting an award of prejudgment interest. We conclude that the facts and the relevant law afford ample support for the jury’s verdict and the judgment entered pursuant to that verdict. Therefore, we affirm the judgment in favor of Forms and against ITAC, without discussion. However, we are constrained to reverse the trial court’s order denying Forms’ motion for an award of prejudgment interest, and to remand for further proceedings regarding that issue.
Because this was a case in admiralty, the trial court was obliged to apply federal maritime law. Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In admiralty cases, prejudgment interest should generally be awarded, unless exceptional or unusual circumstances would make it inequitable for the losing party to pay prejudgment interest; not as a penalty, but as part of the full compensation to which the plaintiff is entitled. Insurance Co. of North America v. M/V Ocean Lynx, 901 F.2d 934 (11th Cir.1990); Self v. Great Lakes Dredge & Dock Co., 832 F.2d 1540 (11th Cir.1987), cert. denied, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988); Independent Bulk Transport, Inc. v. Vessel “Morania Abaco”, 676 F.2d 23 (2d Cir.1982); Socony Mobil Oil Co. v. Texas Coastal and International, Inc., 559 F.2d 1008 (5th Cir.1977). In this case, the trial court denied plaintiff’s request for prejudgment interest without explanation. Therefore, we are unable to determine whether the denial was based upon the existence of one or more exceptional or unusual circumstances, or whether the denial was an abuse of discretion. See Self v. Great Lakes Dredge & Dock Co., supra (denial of prejudgment interest in an admiralty case usually requires specific findings justifying such a decision). Accordingly, we reverse the order denying the motion for prejudgment interest, and remand to the trial court for further proceedings consistent with this opinion. Should the trial court again decide to deny prejudgment interest, it shall express its reasons for doing so in its order.
To assist the trial court, should it conclude on remand that an award of prejudgment interest is appropriate, we note that an admiralty court has very broad discretion when it comes to choosing a rate of interest. Kilpatrick Marine Piling v. Fireman’s Fund Ins. Co., 795 F.2d 940 (11th Cir.1986); Independent Bulk Transport, Inc. v. Vessel “Morania Abaco”, supra. “The court may exercise its discretion to award prejudgment interest at rates prescribed by state statute.” Zim Israel Navigation Co. v. Special Carriers, Inc., 800 F.2d 1392, 1395 (5th Cir.1986). However, the court is not required to use the rate prescribed by statute in the state where it sits. United States v. Motor Vessel Gopher State, 614 F.2d 1186 (8th Cir. 1980); Sabine Towing and Transportation Co. v. Zapata Ugland Drilling, Inc., 553 F.2d 489 (5th Cir.), cert, denied, 434 U.S. 855, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977). The goal is to recompense a plaintiff fully for the loss sustained, and a court may adopt whatever method of computing prejudgment interest it concludes will be most likely to achieve that result. See, e.g., Zim Israel Navigation Co. v. Special Carriers, Inc., supra (approving interest at statutory rate in forum state); Kilpatrick Marine Piling v. Fireman’s Fund Ins. Co., supra (approving interest at rate plaintiff was paying to its bank loss payee, rather than at statutory rate in forum state); United States v. Motor Vessel Gopher State, supra (approving interest at rate generally prevailing at time of repairs, rather than at statutory rate in forum state); Sabine Towing and Transportation Co. v. Zapata Ugland Drilling, Inc., supra (approving interest at rate equiva *1290 lent to plaintiff’s cost of borrowing, rather than at statutory rate in forum state).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
SMITH, WIGGINTON and WEBSTER, JJ., concur.